IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:24-cv-01086 |
| v. | ) ) | Judge William L. Campbell, Jr. Magistrate Judge Alistair Newbern |
| HOSPITAL HOUSEKEEPING SYSTEMS, LLC, | ) ) ) | Jury Trial Demand |
| Defendant. | ) ) | |

**DEFENDANT'S NOTICE IN RESPONSE TO THE COURT'S APRIL 28, 2026 ORDER**

Defendant, Hospital Housekeeping Systems, LLC ("HHS"), by and through undersigned counsel, respectfully submits this Notice in response to the Court's Order entered April 28, 2026 (Doc. No. 54), which directs HHS to "file a notice stating whether it disputes causation."  HHS confirms that it disputes causation and clarifies its position as set forth below.

**I.      The "Qualified Individual" Issue Is Inseparable from the "Direct Threat" Issue.**

As the Court currently notes, HHS stated in its Reply, "[t]he primary issue in this case remains whether Jeffery Springfield was a 'qualified individual' under the Americans with Disabilities Act ('ADA')."  That issue, however, is not analytically distinct from the question of whether Springfield posed a direct threat to himself and others. Sixth Circuit law expressly links the two.  *See generally, Smith v. Newport Utilities*, 129 F.4th 944, 950 (6th Cir. 2025)).  Stated differently, the Sixth Circuit has "treated the need for employees not to cause harm as an 'essential

function' of all jobs" such that "if plaintiffs cannot show they are 'qualified' for the relevant position under the ADA, they cannot prove their discrimination claim." *See id* at 949 (citations omitted).

Accordingly, HHS's position that Springfield was not a "qualified individual" rests on, and incorporates, its showing that Springfield posed a direct threat in the safety-sensitive hospital environment in which he worked alone. That direct-threat determination was based on Springfield's two unexplained workplace falls in August 2022, the second of which required his transport to the Hospital's Emergency Department, and HHS's contemporaneous, individualized assessment of the duration, nature and severity, likelihood, and imminence of the resulting risk. The qualified-individual issue therefore necessarily encompasses the direct-threat issue, and the Court's resolution of one resolves the other.

## II. HHS Disputes Causation as the Direct-Threat Determination Is a Legitimate, Non-Discriminatory Reason for Termination.

HHS disputes causation. To the extent Springfield posed a direct threat — as the record establishes — HHS's decision to end his employment was based on a legitimate, non-discriminatory safety rationale, not on his disability. Springfield's termination documentation expressly states that the termination was "based on Jeff's safety and the safety of others" and the fact that "HHS does not have a position available with accommodation that would allow him to still complete his tasks safely." (SUF. ¶ 12.) HHS's leadership "concluded that it could not reasonably and safely continue to employ Springfield," was "concerned for Springfield's safety in the Hospital and the safety of the Hospital patients," and reviewed but found no other available position into which Springfield could be reasonably accommodated. (SUF. ¶¶ 9-10.)

That safety-based rationale defeats causation. Under the ADA, the EEOC must establish that Springfield "suffered an adverse employment action *because of* his disability" (emphasis added). Where, as here, the employer acted on a legitimate, non-discriminatory safety judgment

2

grounded in real-world workplace evidence — and where the EEOC has produced no expert or medical proof to the contrary — the causal nexus between the disability and the termination is broken. The real-world evidence of Springfield's two falls created a risk that HHS properly determined was a direct threat to Springfield's safety and others' safety in the workplace," and that determination is the operative reason for termination.

For these reasons, the qualified-individual inquiry and the direct-threat inquiry are coextensive, and HHS's direct-threat-based termination decision constitutes a legitimate, non-discriminatory reason for the adverse action that independently negates causation. HHS does not dispute that an adverse employment action occurred, but it does dispute that the action was taken "because of" Springfield's disability. HHS respectfully refers the Court to its Memorandum in Support of its Motion for Summary Judgment (Doc. No. 38) and its Reply in Support of its Motion for Summary Judgment (Doc. No. 46) for the full factual record and legal authority supporting these positions.

Dated this 4th day of May 2026.

Respectfully submitted,

*/s/ Luther Wright, Jr.*
Luther Wright, Jr., TN #017626
Morgan T. Cage, TN #042357
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908
luther.wright@ogletree.com
morgan.cage@ogletree.com

Attorneys for Defendant
Hospital Housekeeping Systems, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of May 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:


Faye A. Williams
Equal Employment Opportunity Commission
200 Jefferson Avenue
Suite 1400
Memphis, TN 38103
901-544-0088
Email: faye.williams@eeoc.gov

Gary Lamar Sullivan
Equal Employment Opportunity Commission
820 Louisiana Street
Suite 200
Little Rock, AR 72201
Email: gary.sullivan@eeoc.gov

Sarah Howard Jenkins
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
200 Jefferson Ave., Suite 1400
Memphis, TN 38103
(901) 685-4631
Email: sarah.jenkins@eeoc.gov


*/s/ Luther Wright, Jr.*

4